E-FILED
Wednesday, 20 July, 2016 02:21:51 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVID SQUIRES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-3201 |
| | ) | |
| **TOM BONNETT, STEVE McCLURE,** | ) | |
| **and PATRICK KELLEY,** | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on pro se Plaintiff William David Squires' Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) and Motion to Request Counsel (d/e 3). Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is DENIED with leave to refile. Plaintiff's § 1983 false arrest claim against Defendant Tom Bonnett is DISMISSED without prejudice. Plaintiff's claims against Defendants Steve McClure and Judge Patrick Kelley are

DISMISSED with prejudice. Plaintiff's Motion to Request Counsel (d/e 3) is DENIED.

## I. BACKGROUND

On July 11, 2016, Plaintiff filed a Pro Se Civil Rights Complaint (d/e 1) against Defendants Tom Bonnett, a Springfield, Illinois police officer; Steve McClure, a Sangamon County assistant state's attorney (ASA); and Patrick Kelley, a former Sangamon County judge who retired at the end of 2015. Plaintiff's Complaint contains the following allegations.

Plaintiff was charged in state court with theft over $300/$500 and criminal damage to property. Plaintiff alleges that, due to being pro se and having his rights continually being violated, he was forced to plead guilty to criminal damage to property so that he could be released from jail. Plaintiff was incarcerated between January 14, 2015 and September 14, 2015.

Plaintiff alleges that Officer Bonnett harassed, slandered, and threatened Plaintiff with arrest between October 13 to November 15, 2014. Officer Bonnett allegedly told Plaintiff's landlord, Maria Velasco, that Plaintiff stole air conditioner units. This caused Plaintiff to be evicted from his apartment and lose his job doing

maintenance work for his landlord.  Plaintiff also alleges that Officer Bonnett appeared before Sangamon County Circuit Judge John Schmidt and lied to the judge, stating that "the DNA report from 7/10/14 identified [Plaintiff] positively when in reality it did not positively identify anyone[.]"  Compl. at 6 (also alleging there was no evidence to support an arrest).

For his claims against ASA McClure, Plaintiff alleges that ASA McClure filed criminal charges against Plaintiff with no evidence to support the charges, filed a motion to collect DNA without giving a copy to Plaintiff, and allowed Plaintiff to be incarcerated without any evidence to support the charges.

Finally, as to Judge Kelley, Plaintiff alleges that Judge Kelley was not impartial.  Judge Kelley failed to hear Plaintiff's motion to dismiss the charge and allowed prosecutors to file a warrant for DNA without allowing Plaintiff to counter-argue the motion. Although not entirely clear, Plaintiff appears to allege that he filed a complaint with the judicial inquiry board in July 2015, that Judge Kelly knew about the complaint, and that Judge Kelley should have recused himself from the Plaintiff's criminal case.

Plaintiff alleges he was injured because he was humiliated, embarrassed, subjected to jail violence, lost his job, and was falsely incarcerated for nine months. He seeks $1.2 million in damages as well as punitive damages.

The Court can take judicial notice of documents in the public record. Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015). A search of the Sangamon County Circuit Clerk's website shows that Plaintiff was charged in Sangamon County Case No. 2014-CF-001249 with theft and criminal damage to property.[1] McClure was the assistant state's attorney, and Judge Kelley was the judge.

The docket reflects that, in January 2015, the public defender was appointed to represent Plaintiff. However, in July 2015, Plaintiff asked to proceed pro se and that request was granted. On August 18, 2015, the State informed Plaintiff that the Illinois State Police Crime Lab was rushing the DNA results and the results should be completed by August 21, 2015. On August 21, 2015, Plaintiff pleaded guilty to criminal damage to property. Plaintiff

---

[1] See http://records.sangamoncountycircuitclerk.org/sccc/DisplayDocket.sc last visited July 20, 2016).

was sentenced to 15 months' imprisonment with credit for 221 days served awaiting trial.  Plaintiff also agreed to pay restitution of $30,000.

## II. LEGAL STANDARD

When a plaintiff seeks leave to proceed in forma pauperis, his complaint is subject to review by the district court.  See 28 U.S.C. § 1915(e)(2); Estrada v. Reed, 346 F. App'x 87, 90 (7th Cir. Sept. 1. 2009) (unpublished disposition) (noting that the "district court must screen the complaint of any plaintiff who would like to proceed in forma pauperis").  Moreover, the district court shall dismiss the case if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii); see also Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (noting that the "district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim") (citing 28 U.S.C. §1915(e)(2)(B)).  When screening a complaint to determine whether it states a claim, the court applies the same standard used to evaluate dismissals under Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  See Arnett v Webster, 658 F.3d 742, 751 (7th Cir. 2011) (applying the Rule12(b)(6) standard when reviewing a dismissal under §1915(e)(2)(B) for failure to state a claim).

To state a claim for relief, plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  A court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiffs' favor.  Id.  Pro se pleadings are liberally construed.  See Ambrose v. Roeckeman, 749 F.3d 615, 618  (7th Cir. 2014) (stating that "[t]he question for us is whether the petition adequately presents the legal and factual basis for the claim, even if the precise legal theory is inartfully articulated or more difficult to discern.").

A complaint must, however, set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges facts from which a court can reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. ANALYSIS

The Court construes Plaintiff's claims as a false arrest claim brought under 42 U.S.C. § 1983 and an Illinois state law claim for malicious prosecution under Illinois law. Plaintiff fails to state a claim against the Defendants.

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). Plaintiff attempts to bring a Fourth Amendment false arrest claim against Officer Bonnett.

To prevail on a false arrest claim under § 1983, Plaintiff must show that he was arrested without probable cause. See Brooks v. City of Chicago, 564 F.3d 830, 832 (7th Cir. 2009) (holding that a false arrest claim under the Fourth Amendment "requires an arrest made 'without probable cause.'"). Generally, when an officer

obtains an arrest warrant from a judge, the officer is shielded from liability for false arrest. If, however, the officer submitted a knowingly false statement to obtain the warrant, the officer is precluded from relying on the arrest warrant and may be liable for false arrest. See Lawson v. Veruchi, 637 F.3d 699, 704 (7th Cir. 2011) (reversing summary judgment in favor of the officer where the plaintiff presented evidence that the witness did not identify the plaintiff as her attacker but the officer falsely stated in the arrest warrant that she had); Olson v. Tyler, 771 F.2d 277, 281 (7th Cir. 1985) ("[A] facially valid warrant will immunize only the officer who acted in an objectively reasonable manner in securing it" and "[a]n officer's conduct in preparing a warrant affidavit that contains only inaccurate statements that are untruthful as that term is defined in Franks[v. Delaware, 438 U.S. 154 (1977)] violates the arrestee's fourth amendment rights").

Although Plaintiff alleges that Officer Bonnett made false statements in support of the arrest warrant, Plaintiff also appears to challenge his state-court conviction and proclaim his innocence. See Compl. at 5 (alleging he was forced to plead guilty); at 6 (alleging he was falsely incarcerated for 9 months). A plaintiff

cannot bring a § 1983 damages claim that necessarily implies the invalidity of his conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner's § 1983 damages claim must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence"). Moreover, Plaintiff is likely not entitled to anything more than nominal damages. Although Plaintiff seeks damages for the time he spent in custody following his arrest, he would have served that time anyway because he was ultimately sentenced to 15 months' imprisonment on the underlying conviction—and he cannot challenge that underlying conviction. Therefore, Plaintiff's claim against Officer Bonnett is dismissed with leave to replead to omit any references to Plaintiff's underlying conviction being invalid. See Moore v. Mahone, 652 F.3d 722, 726 (7th Cir. 2011) (holding in § 1983 case that contained allegations denying the disciplinary board's findings—in violation of Heck— that the district court could either retain the case and warn the plaintiff that he could not challenge the disciplinary board findings or allow the plaintiff to file an amended complaint deleting all allegations inconsistent with the findings of the disciplinary board).

The claims against the remaining defendants are dismissed with prejudice. ASA McClure is entitled to absolute prosecutorial immunity for conduct that relates to his role as an advocate for the state. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the courts of his role as an advocate for the State, are entitled to the protections of absolute immunity"). Plaintiff's claims against ASA McClure—that McClure filed criminal charges with no evidence to support the charges, filed a motion to collect DNA without giving a copy to Plaintiff and allowed Plaintiff to be incarcerated without any evidence to support the charges—relate to McClure's functions as a prosecutor. As such, McClure is entitled to prosecutorial immunity.

Moreover, Plaintiff cannot state a claim against ASA McClure for prosecutorial misconduct. A federal claim for malicious prosecution is actionable only if the State fails to provide a remedy. Parrish v. City of Chicago, 594 F.3d 551, 552 (7th Cir. 2009). Illinois provides a state remedy for malicious prosecution. Id. (citing Swick v. Liautaud, 169 Ill. 2d 504(1996)). Under Illinois

law, a plaintiff cannot bring a claim for malicious prosecution unless the former action terminated in the plaintiff's favor. See Hurlbert v. Charles, 238 Ill. 2d 248, 255 (2010). Plaintiff admits that he pleaded guilty in the state court case. Therefore, the former action did not terminate in his favor, and Plaintiff cannot bring a malicious prosecution claim.

Finally, Judge Kelley is entitled to absolute immunity. Plaintiff complains that Judge Kelley was not impartial, failed to hear Plaintiff's motion to dismiss the charges, and allowed prosecutors to file a warrant for DNA without allowing Plaintiff to counter-argue the motion. Plaintiff also complains that Judge Kelley did not recuse himself

A judge is entitled to absolute judicial immunity from suits for money damages for his judicial acts unless he acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of his authority. Smith v. City of Hammond, Ind., 388 F.3d 304, 306 (7th Cir. 2004); Brokaw v. Mercer Cnty., 235 F.3d 1000, 1015 (7th Cir. 2000). Here, Judge Kelley acted within his jurisdiction because he had jurisdiction to hear the case. See Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have original

jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction . . . ."). Moreover, Plaintiff complains of acts taken by Judge Kelley in his judicial capacity. See, e.g., John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990) (a judge who considers pretrial matters and renders a decision acts within his judicial capacity and is entitled to judicial immunity; the plaintiff should have addressed any concerns he had about the judge's handling of the case to the state appellate court); Sato v. Plunkett, 154 F.R.D. 189, 191 (N.D. Ill. 1994) (the "failure to recuse oneself is a judicial act"); Davit v. Davit, 366 F. Supp. 2d 641, 660 (N.D. Ill. 2004) (claim that the judges did not afford the plaintiff due process was barred by judicial immunity).

Plaintiff's Motion to Request Counsel is DENIED. Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel is within the Court's discretion. Id. Plaintiff appears capable of presenting his case at this time as he is a high school graduate and has completed some college. Moreover, Plaintiff has not shown any attempt to retain counsel.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is DENIED with leave to refile because Plaintiff's Complaint fails to state a claim for relief.  Plaintiff's § 1983 false arrest claim against Defendant Tom Bonnett is DISMISSED without prejudice and with leave to replead.  Plaintiff's claims against Defendants Steve McClure and Judge Patrick Kelley are DISMISSED with prejudice.  Plaintiff's Motion to Request Counsel (d/e 3) is DENIED.  If Plaintiff wishes to file an Amended Complaint against Defendant Bonnett, he shall do so on or before August 2, 2016.  He must also file a new Application to Proceed in District Court Without Prepaying Fees or Costs.

ENTER: July 20, 2016

FOR THE COURT:

                                                s/Sue E. Myerscough
                                           SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE